UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MUHAMMAD ASLAM KHAN, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                        Plaintiffs,

             -against-

AMAZING STORE & SMOKE SHOP INC.,
YOGI'S NEWSTAND and MOHAMMAD
SALIM SHEIKH

                        Defendants.

-----------------------------------------------------------------------X

Docket No.: 21-CV-6148

**FLSA COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff MUHAMMED ASLAM KHAN (hereinafter, "Plaintiff" or "KHAN"), on behalf

of himself and other similarly situated employees, by and through his undersigned attorneys,

PERVEZ & REHMAN, P.C., files this Complaint against Defendants, AMAZING STORE &

SMOKE SHOP INC. ("SMOKE SHOP"), YOGI'S NEWSTAND ("YOGI'S") and

MOHAMMAD SALIM SHEIKH (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201,

    *et. Seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages;

    (2) unpaid wages; (3) unpaid overtime compensation; (5) liquidated damages; (6) prejudgment

    and post-judgment interest; and (7) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover

    from the Defendants: (1) unpaid wages;  (2) unpaid minimum wage; (3) unpaid overtime

    compensation; (3) damages for failure to issue wage statements and notices; (4) retaliation; (5)

spread of hours; (6) failure to provide uninterrupted breaks; (7) liquidated damages; (8) prejudgment and post-judgment interest; and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

5.  On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67,

which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days

## PARTIES

6. Plaintiff KHAN is a resident of Queens County, New York.

7. Defendants SMOKE SHOP is a domestic business corporation organized under the laws of the State of New York, with principal place of business at 1595 2nd Avenue, New York, New York 10028 and additional locations at 1728 2nd Avenue, New York, New York 10028 and 208 Columbus Circle, New York 10023.

8. Defendants, YOGI'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at West 69th Street, New York, New York 10023.

9. Upon information and belief, SMOKE SHOP and YOGI'S are either the same or related entities with different locations.

10. At all relevant times, SMOKE SHOP and YOGI'S are and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.00.

11. Defendants are joint-employers of Plaintiff KHAN and operate under the same control and management.

12. Defendants employed Plaintiff, KHAN, in New York County, New York, to work as a cashier from in or around April 2016 to January 2020.

13. The work performed by Plaintiff was directly essential to the business operated by Defendants.

14. Defendants knowingly and willfully failed to pay Plaintiff wages and his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17. Throughout all times relevant to this action, Defendants hired employees to work as cashier.

18. Defendants employed Plaintiff, KHAN, in New York County, New York, to work as a cashier from in or around April 2016 to January 2020.

19. In or around April 2016, Plaintiff Khan began training at YOGI'S for two weeks.

20. In or around January 2017, he was transferred to the SMOKE SHOP at 1595 2nd Avenue, New York, New York 10028.

21. Upon information and belief, when Plaintiff began working for the Defendants, there were four locations.

22. Now, upon information and belief Defendants currently has three locations still currently open: SMOKE SHOP at the Columbus Circle location, SMOKE SHOP INC., located at 1728 2nd Avenue location, and YOGI'S at West 69th Street, Broadway.

23. Plaintiff's job duties included manning the register, sales, cleaning and stocking inventory.

24. During his tenure, Plaintiff worked primarily at the SMOKE SHOP's 2nd Avenue location.

25. The SMOKE SHOP was open from 7:00 AM to 2:00 AM however employees, including Plaintiff would begin their morning shift around 6:00 AM.

26. During the relevant times, PLAINTIFF generally worked from 6:00AM to 5:00PM or 6:00PM, depending on when he was relieved by the next employee.

27. During the relevant times, PLAINTIFF worked a minimum of six days a week, and sometimes seven.

28. During the relevant times, Plaintiff was paid three hundred dollars ($300) per week when he worked six days a week.

29. During the relevant time, Plaintiff was paid three hundred fifty dollars ($350) per week when he worked for seven days a week, regardless of how many more hours Plaintiff worked.

30. At times, Plaintiff was paid an additional fifty dollars ($50) if he worked from opening to closing.

31. During the course of Plaintiff KHAN's employment, Defendants paid Plaintiff in cash.

32. Defendant SHEIK would send Plaintiff's payment with the other employees and tell them to place the money somewhere safe behind the counter. Defendant SHEIK would then call Plaintiff KHAN and tell him to pick up his payment from the location where the other employee left it.

33. Between January 2019 to January 2020, Plaintiff was not paid any wage despite having to work for Defendants.

34. During this time, Plaintiff lived in a room at SHEIKH'S apartment and Defendant allowed Plaintiff to eat the same food cooked at this apartment. Defendant withheld payment from Plaintiff during this time.

35. Plaintiff would continue to ask for payment for his owed wages but would not be paid.

36. Defendant SHEIKH would promise to pay Plaintiff KHAN but never did.

37. On or about January 15th, 2020, Plaintiff was told to stop coming to work as the store was closed for construction. When the Plaintiff returned, the store was empty and closed. This was in retaliation for his complaints that he was not paid.

38. Upon information and belief, this payment structure was a common policy and practice in all of Defendants' locations for Plaintiff and those similarly situated.

39. During the entirety of Plaintiff KHAN's employment, he, and those similarly situated, were not paid an hourly rate.

40. During the entirety of Plaintiff KHAN's employment, he, and those similarly situated, were not paid minimum wage.

41. During the entirety of Plaintiff KHAN's employment, he was not paid overtime compensation.

42. During the entirety of Plaintiff KHAN's employment, he was not paid spread of hours compensation.

43. During the entirety of Plaintiff KHAN's employment, he was not afforded breaks.

44. Plaintiff performed work above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

45. Plaintiff, and those similarly situated, were not required or instructed to clock in or clock out as there was no clock in/out system.

46. Moreover, Defendants did not comply with the NYLL's wage statement and wage notice provisions. Defendants did not issue wage notices to employees as required by law. Defendants are liable for damages for each employee pursuant to NYLL § 198.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action individually and as class representative on behalf of himself

and all other current and former non-exempt employees who have been or were employed by Defendants since July 2015 to the entry of judgment in this case (the "Collective Action Period"), and who failed to minimum wages, receive wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

48. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

49. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

50. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be

dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

51. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

52. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

53. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

  a.    Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

  b.    Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

  c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d.    Whether the Defendants failed to pay Plaintiff and the

Collective Action Members wages in violation of the FLSA;

e.    Whether the Defendants unlawfully failed to pay Plaintiff and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

f.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

54.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

55. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

56. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

57. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable form the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

58. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

59. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

60. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class' action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interest will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications. With respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members', rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this as a class action.

62. Defendants and other employees throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

63. There are questions of law and feet common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class Members for their works; and

   d. Whether Defendants properly notified Plaintiff and the Class Members of their hourly rate and overtime rate.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. At all relevant times, upon information and belief, Defendants are and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

67. At all relevant times, Defendants had gross revenues excess of $500,000.

68. Plaintiff was entitled to be paid at least minimum wage per hour for the first forty hours he worked.

69. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

70. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

71. At all relevant times, Defendants had, and continues to have, a policy and practice of refusing to pay an hourly rate and/or overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. §§ 207(a)(l) and 215(a). Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the an hourly rate and statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

72. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

reasonable attorneys' and expert fees; and,

(i)     Granting Plaintiff and FLSA Plaintiffs other and further relief as this

Court finds  necessary and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands trial by jury on all issues.


Dated:          July 1st, 2021
                Melville, New York


                                    By: /s/ Aneeba Rehman_____
                                          Aneeba Rehman (6404)
                                          Nadia M. Pervez (5338)
                                          *Attorneys for Plaintiff*
                                          Pervez & Rehman, P.C.
                                          68 South Service Road
                                          Suite 100
                                          Melville, NY 11747
                                          (631) 427-0700
                                          arehman@pervezrehman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MUHAMMAD ASLAM KHAN, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                              Plaintiffs,                             Docket No.:

        -against-                                   **FLSA COLLECTIVE**
                                                  **ACTION COMPLAINT**
AMAZING STORE & SMOKE SHOP INC.,
YOGI'S NEWSTAND and MOHAMMAD
SALIM SHEIKH


                              Defendants.

------------------------------------------------------------------------X

STATE OF NEW YORK    )
                            ss.:
COUNTY OF KINGS       )

I, MUHAMMAD ASLAM KHAN, am the Plaintiff in the within action for. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                               _____
                                               MUHAMMAD ASLAM KHAN

Sworn to before me on this 1st day
of July, 2021.

_____
           Notary Public

ANEEBA REHMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RE6299943
Qualified in Nassau County
Commission Expires March 31, 20__

### CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, MUHAMMAD ASLAM KHAN, was employed by AMAZING STORE & SMOKE SHOP INC., YOGI'S NEWSTAND. I consent to be a plaintiff in the above captioned action to collect unpaid wages, overtime pay, spread of hours pay, and all other damages available to me under state and federal law.

Dated: Melville, New York

      July   1   , 2021

_____
MUHAMMAD ASLAM KHAN

Sworn to before me on this 1st day
of July, 2021,

_____
          Notary Public

ANEEBA REHMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RE6299943
Qualified in Nassau County
Commission Expires March 31, 2018 22