

PERVEZ&REHMAN,P.C.

Nadia M. Pervez, Esq.
Aneeba Rehman, Esq.

November 7, 2022

**Via ECF**
Hon. Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  **Re:**  **Khan v. Amazing Store & Smoke Shop Inc et al.**
     **Index No. 21-cv-6148**

Dear Judge Liman,

   This firm represents Plaintiff Muhammad Aslam Khan in the above-referenced action and we write jointly with counsel for Defendants Amazing Store & Smoke Shop, Inc. and Mohammad Salim Sheikh. We respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "FLSA Settlement Agreement").

   The court in *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

In this matter, the parties have reached a settlement of $53,450 for Plaintiff's wage and hour claims under FLSA. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendant is paying the total sum of $53,450 to Plaintiff Muhammed Aslam Khan: $32,846.67 of which represents the settlement amount to be allocated to Plaintiff. Based on Plaintiff's information and belief, Plaintiff's back wages equal approximately $132,000 plus liquidated damages, interest and attorneys' fees. However, Defendants deny this calculation and believe he is only entitled to approximately $6,000. Additionally, Defendants claim that their business has suffered extreme financial hardship, including the closing down of locations and they cannot afford to pay a large settlement, and/or judgment.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA. Defendants strongly contend that Plaintiff was compensated for all hours worked; however, Defendants faced anticipated burdens and litigation expenses in establishing their respective defenses. Thus, Plaintiff believes the amount of $53,450 is a fair result, obtaining a full recovery of his alleged back wages based on Plaintiff's asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiff as he would face the possibility of receiving a smaller amount than what is allocated to him in the settlement. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

**The Settlement Is a Result of Arm's-Length Negotiation and There Is No Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced wage and hour counsel during the litigation and settlement process. During the litigation and settlement process, there was an exchange of some documents and a sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive some recovery his alleged back wages based on Plaintiff's asserted theories of liability and eliminating the burdens and costs of trial. The arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherit risks and costs of litigation.

**The Attorneys' Fees are Fair and Reasonable**

Of the $53,450 settlement amount, $20,603.33 is allocated to attorneys' fees and costs. The legal fees are $16,423.33 and the costs are $4,180. The legal fees equal approximately 33% of the settlement amount. Courts in this Circuit typically approve attorneys' fees that range between 30% and one third. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Using the "percentage of the fund" method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. *Necole Rotthoff v. New York State Catholic Health Plan, Inc., et al.*, No. 19-CV-4027AMDCLP, 2021 WL 1310220, at *4 (E.D.N.Y. Apr. 8, 2021) (citations omitted). The amount of $4,180 is for expenses including filing, service and deposition transcript/interpeter costs. Attached hereto as **Exhibit B** are Plaintiff's counsel's detailed billing records, showing that Plaintiff's counsel has billed $30,282.40 in fees and expenses, for all hours spent on litigating and settling Plaintiff's wage and hour claims.

Plaintiff's counsel's fees are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes prosecuting this lawsuit, engaging in discovery and depositions, motion practice, negotiating settlement with Defendants' counsel, correspondence with Defendants' counsel, preparing and revising the settlement agreement, and reviewing this submission. The legal fees of $16,423.33 will be allocated to Plaintiff's counsel representing the portion of hours spent in related to the settlement of Plaintiff's wage and hour claims under FLSA and $4,180 for expenses, which the parties believe is fair and reasonable.

Finally, Defendant Amazing Store & Smoke Shop and Defendant Sheikh executed a confession of judgment. The original is to be mailed to Plaintiff's counsel prior to the *Cheeks* hearing and will be held in escrow. It is expressly agreed that the Confessions will be filed if Defendants do not pay pursuant to the Agreement.

Respectfully submitted,

/s/Aneeba Rehman
Aneeba Rehman, Esq.
*Attorney for Plaintiff*

Allan Jennings, Esq.
*Attorney for
Defendant*

Encl.

# Exhibit A

## SETTLEMENT AGREEMENT AND NEGOTIATED RELEASE

This Agreement and Negotiated Release ("Agreement") is entered into between Muhammed Aslam Khan ("Plaintiff" or "Khan") and Amazing Store & Smoke Shop, Inc., and Mohammad Salim Sheikh ("Defendants" or "Employers") (collectively, "Parties").

**WHEREAS**, the Khan alleges wage and hour claims under the Fair Labor Standards Act and the New York Labor Law, as against Amazing Store & Smoke Shop Inc., Yogi's Newsstand, Mohammad Salim Sheikh, Saleha Dadabhai Sheikh, Relish Shah aka Rallies Shah, Amazing Wireless & Smoke Inc., and Amazing 21 Wireless and Electronics, Inc. filed in the Southern District of New York, Index No., 21-CV-6148.

**WHEREAS**, Defendants Amazing Store & Smoke Shop Inc. ("Amazing Store") and Mohammad Salim Sheikh ("Sheikh") (collectively "Employers" and/or "Defendants") are the only Defendants who have appeared and answered in this case;

**WHEREAS**, Defendants Amazing Store and Sheikh have denied the allegations made by Khan and continue to deny any wrongdoing;

**WHEREAS**, on October 24, 2022, an in-person settlement conference was held before the Honorable Judge Liman between Defendants Amazing Store, Sheikh and Plaintiff Khan ("the Parties"). The Parties negotiated the resolution of this matter at arm's-length, settlement discussions regarding their respective settlement positions. The Parties were able to agree to a settlement in principle which was put on the record by the Court, and which has been finalized and memorialized into this Agreement;

**WHEREAS**, the Parties agree that the bona fide disputes between them in this Dispute and agree that it is desirable that the dispute be settled upon the terms and conditions set forth below to avoid further expense and uncertain, burdensome, and protracted litigation;

**WHEREAS**, it is Defendant Sheikh and Amazing Store's position that they are entering into this Agreement solely for the purpose of avoiding further costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions, and differences of any kind that have been or could have been alleged by the Parties against each other concerning Plaintiff's employment;

**WHEREAS**, the Parties have agreed to fully and finally resolve all matters between them and to sever their relationship in accordance with and pursuant to the terms and conditions set forth herein;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Dispute on the following terms and conditions as follows:

1.    <u>Additional Definitions</u>.

1.1.    "Court" shall mean the United States District Court for the Southern District of New York.

1.2.    "Days" shall mean calendar days, excluding federal holidays.

1.3.    "Defendants' Counsel" shall mean:

The Law Office of Allan W. Jennings, Jr., Esq.
214-11 Northern Blvd
Bayside, NY 11361
jenningslaws@gmail.com

1.4.    "Effective Date" shall mean the later of the following dates:  the date the Parties execute this Agreement

1.5.    "Non-Wage Claims" shall mean claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions, and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, that were brought or could have been brought by Plaintiff  against Releasees concerning claims arising from or during Plaintiff's employment or the separation or termination of Plaintiff's employment, including without limitation, claims based in contract, tort, constitutional, statutory or common law, and claims under any federal, state, or local statute, order, law or regulation, governing terms or conditions of employment, including but not limited to discrimination, retaliation, or harassment in employment on the basis of any protected characteristic, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act (ADA), Age Discrimination in Employment Act (ADEA), Genetic Information Nondiscrimination Act of 2008 (GINA), Uniformed Services Employment and Reemployment Rights Act, the Employee Retirement Income Security Act (ERISA) (excluding any claims for accrued, vested benefits), COBRA, the Equal Pay Act, Section 1981 of U.S.C. Title 42, the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the Immigration Reform and Control Act (IRCA), the Family and Medical Leave Act (with respect to existing but not prospective claims), Emergency Family and Medical Leave Expansion Act, Emergency Paid Sick Leave Act, the New York State Human Rights Law, New York City Human Rights Law, the New York Civil Rights Law (NYCRL), Chapter 25 of the Laws of 2020 (S.8091 – Ramos / A.10153 – Nolan),  Section 125 of the New York Workers' Compensation Law, and Article 23-A of the New York Correction Law, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity pertaining to Plaintiff's employment. The definition of "Non-Wage Claims" does not include wage-related claims, such as those falling under the Wage Release separately defined in this Agreement.

2

1.6.   "Person" means natural persons (including individuals employed by Employer), corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

1.7.   "Plaintiff 's Counsel" shall mean:

Aneeba Rehman, Esq.
Nadia M. Pervez, Esq.
Pervez & Rehman, P.C.
6268 Jericho Turnpike
Suite 8
Commack, NY 11725
Tel: (631) 427-0700

1.8.   "Released Persons" or "Releasees" shall mean Amazing Store & Smoke Shop Inc., and each of its respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators; and individual Defendant  Mohammad Salim Sheikh, in their respective individual or official capacity, and each of their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns. It shall also include to mean Muhammed Aslam Khan.

1.9.   "Wage Release" and "Wage Claims" shall refer to all causes of action arising under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and / or any federal, state, or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the Effective Date, that was brought in the Action or that are based on the same facts and circumstances as the claims asserted in the Action.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, tips and/or gratuities, whether based on common law or otherwise, and all claims for improper deductions, wage notice and wage statement violations, travel time, spread of hours pay, call-in pay, bonuses, expenses, reimbursements and gratuities during Plaintiff's employment with the Employer, and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests, and/or costs related to the claims filed in the Action.

2.   <u>Denial of Liability & No Admission of Wrongdoing.</u>

2.1.   The Employer has agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of the Defendants' business activity due to the pendency and expense of litigation.

2.2.   Nothing in this Agreement shall be deemed or used as an admission of liability by Defendants or Releasees. Releasees do not admit to liability. Defendants and all other Releasees deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's draft pleadings and in any other proceeding, document, or statement whatsoever by or on behalf of Plaintiff. Plaintiff and Employer understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or Releasees of guilt or non-compliance with any federal, state, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express, or implied), common law, Defendants' policies or practices, any benefit plans, compensation or commission plans, or procedures of any other wrongdoing whatsoever.

2.3.   Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (i) an admission or concession on the part of the Releasees or any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation, or principle of common law or equity; or (ii) an admission or concession on the part of the Defendants or the Releasees that Plaintiff has suffered any damage.

3.   Conclusion of Employment. Plaintiff's employment permanently ended on or about January 2020. Plaintiff agrees and confirms that to the best of his knowledge and recollection he has returned all property of Employer in his possession, custody, or control, including, for example, any and all keys, equipment, supplies, documents, reports, manuals, computer media, or business records.

4.   Release.

Plaintiff's Release. In consideration of the covenants, promises, and undertakings contained in this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges Releasees of and from any and all wage and hour claims.

Additionally, Defendants agree to hereby knowingly and voluntarily releases and forever discharges Releasees of and from any and all possible claims against Plaintiff.

5.   Covenant Not to Sue.

5.1.   In consideration of undertakings in this Agreement, Plaintiff, individually and on behalf of her heirs, executors, administrators, agents, and assigns, promises not to sue the Releasees, both in their individual and respective capacities, concerning any Released Claims.

5.2.   Plaintiff represents that he has no other pending claims aside from this action, in any forum, against Releasees concerning any Released Claims. Plaintiff agrees that if any court, tribunal, or administrative agency of competent jurisdiction assumes

4

or has assumed jurisdiction over any such claims, he will promptly request in writing that the court, tribunal, or administrative agency withdraw the matter with prejudice.

6.    <u>Limitations on the Release.</u>  For the avoidance of doubt, the Release and Covenant Not to Sue in this Agreement are limited by the following:

6.1.    Nothing in this Agreement is intended to, or shall, release the Parties from their obligations under this Agreement. Any Party may institute an action or proceeding to enforce this Agreement. The Parties hereby designate all Releasees as third-party beneficiaries that have the right, respectively, to enforce and benefit from this Agreement.

6.2.    Nothing contained in this Agreement is intended to, or shall, interfere with Plaintiff's rights under federal, state, or local civil rights or employment discrimination laws (including, but not limited to, Title VII, the ADA, the ADEA, GINA, USERRA, or their state or local counterparts) to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement. Plaintiff shall not, however, be entitled to any relief, recovery, or monies in connection with any Released Claims brought against Employer and/or any of the Releasees, regardless of who filed or initiated any such complaint, charge, or proceeding.

7.    <u>Bona Fide Dispute.</u>  After consultation with Plaintiff 's Counsel, and in consideration of all the facts and circumstances surrounding his employment with the Defendants, Plaintiff agrees that this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amounts being paid to Plaintiff, as set forth below, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including minimum wage compensation, overtime compensation, liquidated damages, penalties, and any other relief available under the FLSA and NYLL and discrimination and retaliation claims.

8.    <u>Payment.</u>

8.1.    As good consideration for Plaintiff's promises and undertakings under this Agreement, Amazing Store and Sheikh agrees to pay Plaintiff  a gross sum of **$53,450.00** ("Settlement Sum").

8.2.    Payment of the Settlement Sum shall be made as follows:

8.2.1. Payments shall be broken down as listed below and shall commence within thirty (30) days from *Cheeks* approval.

1.    <u>Payment 1:</u>

5

      a.   Three Thousand Four Hundred Fifty Dollars ($3,450) payable to Pervez & Rehman, P.C., as counsel for Khan for expenses, for which the Firm shall be issued an IRS Form 1099;

      b.   Ten Thousand Dollars ($10,000) payable to Pervez & Rehman, P.C., as counsel for Khan for FEES, for which the Firm shall be issued an IRS Form 1099; and

      c.   Ten Thousand Dollars ($10,000) payable to Muhammad Aslam Khan on account of his wage claims, subject to payroll deductions for which he will be issues an IRS Form W2.

2.   <u>Payment 2</u> which shall be made within thirty (30) days from Payment 1.

      a.   Five Thousand Dollars ($5,000) payable to Pervez & Rehman, P.C., as counsel for Khan for FEES, for which the Firm shall be issued an IRS Form 1099; and

      b.   Five Thousand Dollars ($5,000) payable to Muhammad Aslam Khan on account of his wage claims, subject to payroll deductions for which he will be issues an IRS Form W2.

3.   <u>Payment 3:</u> which shall be made within thirty (30) days from Payment 2.

      a.   Two Thousand One Hundred Fifty Three Dollars and Thirty Three Cents ($2,153.33) payable to Pervez & Rehman, P.C., as counsel for Khan for FEES, for which the Firm shall be issued an IRS Form 1099; and

      b.   Seven Thousand Eight Hundred Forty Six Dollars and Sixty Seven Cents ($7,846.67) payable to Muhammad Aslam Khan for liquidated damages, for which he will be issued an IRS Form 1099.

4.   <u>Payment 4:</u> which shall be made within thirty (30) days from Payment 3.

      a.   Ten Thousand Dollars ($10,000) payable to Muhammad Aslam Khan for liquidated damages, for which he will be issued an IRS Form 1099.

6

8.3.  Payments shall be made by certified check. The checks shall be delivered to Plaintiff's Counsel in accordance with the payment schedule described in Paragraph 8.2.

8.4.  The foregoing amounts payable to Plaintiff pursuant to Paragraph 8.2 shall be divided into two portions as follows. Pursuant to Paragraph 8.2, a portion of the total payment to Plaintiff shall constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which amounts shall be reported on an IRS Form W-2. Pursuant to Paragraph 8.2, the remaining portion of the total amount payable to Plaintiff shall constitute payment for alleged damages other than wages, such as for liquidated damages, wage notice violations and interest and, therefore, shall not be subject to statutory payroll deductions/withholdings, which amounts shall be reported on an IRS Form 1099-MISC (Box 3). At the appropriate time, pursuant to Paragraph 8.2, Plaintiff's Counsel will be issued an IRS Form 1099-MISC (Box 10) reflecting the payments identified in Paragraphs 8.2.

8.5.  Employer's payment obligation under this Agreement shall be fully satisfied upon delivery of payment to Plaintiff's Counsel pursuant to Paragraph 8.3 of this Agreement, and that these checks clear. Employer shall bear no responsibility for further distribution of the Settlement Sum.

8.6.  Delivery of the settlement checks pursuant to Paragraph 8.3 shall be conditioned on Plaintiff's Counsel executing any necessary IRS forms, including Form W-9. Plaintiff shall provide a completed IRS Form W-4 with social security number or tax identification number before payment to Plaintiff is made. In the event Plaintiff is unable to provide a completed Form W-4 with social security number or tax identification number, the entire amount payable to Plaintiff shall be subject to mandatory backup withholding in accordance with IRS rules, and shall be reported entirely on an IRS Form 1099.

8.7.  No salary, severance pay, benefits, vacation pay, sick pay, or other payments or additional monies beyond the sums identified as the Settlement Sum in this Paragraph 8 will be made by Employer to Plaintiff. By signing this Agreement, Plaintiff expressly agrees that the Employer and Releasees owe her no wages, payments, damages, or benefits relating to or resulting from her claims and allegations that are covered by the terms of this Agreement, except as provided herein.

9.    Tax Liability.  Plaintiff shall be solely responsible for paying any federal, state, or local taxes which may be due from Plaintiff as a result of the payments made pursuant to this Agreement. Plaintiff shall indemnify and hold Employer harmless from any claims, demands, liens, deficiencies, levies, assessments, executions, judgments, or recoveries by any governmental

7

entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to the claims made under any federal, state, or local tax laws, as well as from any costs, expenses, or damages sustained by the Releasees in connection with the foregoing, including any amount paid by Releasees as taxes, reasonable attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, in addition to any costs, disbursements and/or attorneys' fees reasonably sustained in the course of enforcing the terms of this provision. Employer shall hold Plaintiff harmless from any claims, demands, liens, deficiencies, levies, assessments, executions, judgments, or recoveries by any governmental entity against Defendants for the Settlement Amounts. Each party is responsible for their own taxes and tax consequences.

10.     Intentionally Deleted

11.     Neutral Reference.

        Plaintiff agrees to direct any request for a reference from the Defendants to Mohammad Salim Sheikh, and to the extent that he does so, the Defendants shall confirm only the dates of her employment and the position that held.

12.     Remedies for a Breach of this Agreement.  In the event of a breach or threatened breach of this Agreement, the Parties agree that they shall first negotiate in good faith to resolve any dispute arising under this Agreement. Should the breach or threatened breach not be resolved after this good faith negotiation, either Party may proceed as necessary to enforce this Agreement and are entitled to any and all remedies available at law.

13.     Intentionally Deleted.

14.     Controlling Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without reference to the principles of conflict of laws.  Venue shall be the Southern District of New York and/or New York State Court.

15.     Full Agreement; No Implied Modification.  This Agreement contains the full and complete understanding between the Parties hereto and supersedes all prior understandings, whether written or oral pertaining to the subject matter hereof. This Agreement may not be amended or modified otherwise than by written agreement executed by Plaintiff and by a duly authorized representative of Employer.

16.     Partial Invalidity does not Affect the Rest of the Agreement. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any Court of competent jurisdiction, the Parties agree that the Court shall have the authority to modify, alter, or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language in Paragraph 4, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language in Paragraph 4 is found to be illegal or unenforceable, Plaintiff and Defendants agree to negotiate in good faith and execute a binding replacement release(s) that is as close in scope to Paragraph 4 as is permissible under applicable law.

8

17.    <u>Non-Enforcement is not a Waiver.</u> The failure of either Party to insist upon strict compliance with any provision of this Agreement, or the failure to assert any right either Party may have hereunder, shall not be deemed to be a waiver of such provision or right or any other provision or right of this Agreement.

18.    <u>Execution in Counterparts.</u> This Agreement may be executed in counterpart by each Party. Facsimile or electronically signed and/or transmitted counterparts will be considered one and the same instrument, and each executed Agreement, when taken together, shall constitute a complete Agreement.

19.    <u>Amendment</u>. Except as provided in Paragraph 16 above, this Agreement may not be modified, altered, or changed without the express written consent of both Parties wherein specific reference is made to this Agreement.

20.    <u>Joint Participation in Preparation of Agreement</u>. The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

21.    <u>No Consideration Absent Execution of This Agreement</u>. Plaintiff understands and agrees that he will not receive the monies and/or benefits specified in Paragraph 8 unless and until he executes this Agreement, provides the executed tax forms in compliance with Paragraph 8.6, and the Agreement is approved by the Court.

22.    <u>No Other Assurances</u>. Plaintiff acknowledges that in deciding to sign this Agreement Plaintiff has not relied on any promises or commitments, whether spoken or in writing, made to Plaintiff by any person, except for what is expressly stated in this Agreement. This Agreement constitutes the entire understanding and agreement between the Parties.

23.    <u>Successors and Assigns</u>. Employer may freely assign this Agreement at any time. This Agreement shall inure to the benefit of Employer, Releasees, and their respective successors and assigns, including, but not limited to, any corporation, individual, partnership, or other entity which may acquire all or substantially all of Defendants' or Releasees' assets and business or with or into which Defendants or Releasees may be consolidated or merged.

24.    <u>Acknowledgements by Employee.</u> By signing this Agreement, Plaintiff acknowledges that he has read this Agreement and understands that by signing this Agreement he is giving up important rights. Plaintiff acknowledges that he had adequate opportunity to discuss the terms of this Agreement and release of claims with her legal counsel, and that he did so. He acknowledges that it is her choice to release and forever waive the claims released in Paragraph 4 in return for the benefits set forth in this Agreement, and this choice was made after careful thought, after consulting with her attorneys.

Plaintiff further acknowledges that Plaintiff is waiving and releasing claims under the Age Discrimination in Employment Act (ADEA), as amended, and has had twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice, although

9

to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice, although Plaintiff may sign it sooner if desired and changes to this Agreement, whether material or immaterial, do not restart the 21-day period. In addition, Plaintiff shall have an additional seven (7) days from signing this Agreement to revoke consent to Plaintiff's release of claims under the ADEA by delivering notice of revocation to Defendants' Counsel by mail or overnight delivery before the end of the seven-day period. If Plaintiff revokes the ADEA release, the Employer shall have the option of treating this Agreement as null and void in its entirety.

25.    Headings. The headings are not part of the provisions hereof and shall have no force or effect and are provided for the convenience of the parties only; they shall not be deemed in any manner to modify, explain, expand, or restrict any of the provisions of this Agreement.

26.    Signatories' Representations. The individuals affixing their signatures to this Agreement represent and warrant that they have the authority to enter into this Agreement on their own behalf and/or on behalf of the entities they represent.

Agreed to and accepted on this date:    _____

_____
Employee: Muhammad Aslam Khan

Agreed to and accepted on this date:  _11/7/2022_

_____
Employer: Mohammad Salim Sheikh

Amazing Store & Smoke Shop.
_____
Employer: Amazing Store & Smoke Shop
BY:  _____

10

Agreed to and accepted on this date: ___11/7/2022___

_____
Employee: Muhammad Aslam Khan

Agreed to and accepted on this date: _____

_____
Employer: Mohammad Salim Sheikh

_____
Employer: Amazing Store & Smoke Shop
BY: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MUHAMMED ASLAM KHAN, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                           Plaintiffs,                  Docket No.: 21-cv-6148

        -against-
AMAZING STORE & SMOKE SHOP INC., YOGI'S NEWSTAND
MOHAMMAD SALIM SHEIKH, SALEHA DADABHAI
SHEIKH, RELISH SHAH aka RALLIES SHAH, AMAZING
WIRELESS & SMOKE INC., and AMAZING 21 WIRELESS
AND ELECTRONICS, INC.

                           Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF _Kings_    )

      **Mohammad Salim Sheikh** am being duly sworn, deposes and says:

1.    I reside at _1439 Ocean Ave Apt 84_, in the County of _Brooklyn_.

2.    I hereby confess judgment herein and authorize entry thereof against me in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), less any amounts previously paid pursuant to the Settlement Agreement and Release.

3.    I authorize entry of judgment in New York State Supreme Court, in the county of _Kings_, where I reside, or in the county where I reside within New York at the time of filing this Confession.

This confession of judgment is for:

        By Settlement Agreement made during an in-person settlement conference in the Southern District of New York, before Judge Liman.

4.    This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR §3201.

5.  Please note that I must be given five (5) days' notice prior to the filing of this Confession of Judgment. This Confession of Judgment should not be accepted by the Clerk unless it is (a) the original thereof, and not a photocopy or duplicate, and (b) accompanied by a duly executed and notarized Affidavit of Service affirming that I, and Amazing Store & Smoke Shop's legal counsel, Allan Jennings, Esq., were served with notice via both overnight delivery and e-mail at least five (5) days prior to the filing of this document and failed to cure this default within that five (5) day time period, signed and sworn to by Aneeba Rehman, Esq. or Nadia M. Pervez, Esq. of Pervez & Rehman, P.C. under penalty of perjury.

_M. N Sheikh_

(Insert Name)

State of New York, County of **Queens** :

On ~~October~~ November 7 , 2022 before me, the undersigned, a Notary Public in and for said State, personally appeared MD SALIM SHEIKH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

Tedd Kessler
NOTARY PUBLIC, STATE OF NEW YORK
No. 02KE5010681
Qualified in New York County
Commission Expires 9/23/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MUHAMMED ASLAM KHAN, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                             Plaintiffs,                       Docket No.: 21-cv-6148

         -against-
AMAZING STORE & SMOKE SHOP INC., YOGI'S NEWSTAND
MOHAMMAD SALIM SHEIKH, SALEHA DADABHAI
SHEIKH, RELISH SHAH aka RALLIES SHAH, AMAZING
WIRELESS & SMOKE INC., and AMAZING 21 WIRELESS
AND ELECTRONICS, INC.

                          Defendants.

----------------------------------------------------------------X

STATE OF NEW YORK      )
                         ) ss.:
COUNTY OF _Kings_    )

     **Mohammad Salim Sheikh**, as officer of Amazing Store & Smoke Shop being duly sworn, deposes and says:

1.    I am the owner of Amazing Store & Smoke Shop Inc., the Defendants in the above entitled action and am authorized to sign this confession of judgment on behalf of the corporation.

2.    Amazing Store & Smoke Shop has a principal place of business at _1728 2ᶜ Ave_, in the County of _New York_.

3.    I hereby confess judgment herein and authorize entry thereof against Amazing Store & Smoke Shop in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), less any amounts previously paid pursuant to the Settlement Agreement and Release.

4.    I authorize entry of judgment in New York State Supreme Court, in the county of _New York_, where Amazing Store & Smoke Shop has a principal place of business, or in any county Amazing Store & Smoke Shop does business in at the time of filing this confession of judgment.

5.    This confession of judgment is for a debt justly due to the Plaintiff arising from the following facts:

By Settlement Agreement made during an in-person settlement conference in the Southern District of New York, before Judge Liman.

6.    This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR §3201.

7.    Please note that I must be given five (5) days' notice prior to the filing of this Confession of Judgment. This Confession of Judgment should not be accepted by the Clerk unless it is (a) the original thereof, and not a photocopy or duplicate, and (b) accompanied by a duly executed and notarized Affidavit of Service affirming that I, and Amazing Store & Smoke Shop's legal counsel, Allan Jennings, Esq., were served with notice via both overnight delivery and e-mail at least five (5) days prior to the filing of this document and failed to cure this default within that five (5) day time period, signed and sworn to by Aneeba Rehman, Esq. or Nadia M. Pervez, Esq. of Pervez & Rehman, P.C. under penalty of perjury.

_m N Shaikh_
(Insert Name)

State of New York, County of _Queens_:

On ~~October~~ November 7, 2022 before me, the undersigned, a Notary Public in and for said State, personally appeared _Mo Salim Sheikl_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**Tedd Kessler**
**NOTARY PUBLIC, STATE OF NEW YORK**
**No. 02KE5010681**
**Qualified in New York County**
**Commission Expires** _9/23/23_

# Exhibit B



# INVOICE

Invoice # 337
Date: 01/26/2022
Due Upon Receipt

6268 Jericho Turnpike, Suite 8
Commack, NY 11725

Mr. Muhammed Aslam Khan

## 00178-Khan

## MUHAMMED ASLAM KHAN v AMAZING STORE & SMOKE SHIP INC., YOGI'S NEWSTAND AND MOHAMMED SALIM SHEIKH

### Services

| Date | Attorney | Description | Hours | Rate | Total |
|------|----------|-------------|-------|------|-------|
| 05/18/2021 | AR | Client Meeting: Meeting with Client to draft complaint | 2.00 | $475.00 | $950.00 |
| 05/26/2021 | AR | Client Meeting: Meeting with Client- re damage calculations | 1.50 | $475.00 | $712.50 |
| 08/24/2021 | AR | Phone Conference: Call with Defendant re settlement; appearing pro se for now.Corporation needs an attorney. Answer is due. | 0.25 | $475.00 | $118.75 |
| 08/26/2021 | AR | Correspondence : Demand Ltr to D as per his request | 0.50 | $475.00 | $237.50 |
| 09/08/2021 | AR | Correspondence : To D that he is in default | 0.25 | $475.00 | $118.75 |
| 09/14/2021 | AR | Correspondence : Second Notice To D that he is in default | 0.25 | $475.00 | $118.75 |
| 09/21/2021 | AR | Phone Conference : Call with D and Call with Court | 0.75 | $475.00 | $356.25 |
| 10/12/2021 | AR | Legal Drafting : Draft Initial Disclosures and Discover Demands | 2.50 | $475.00 | $1,187.50 |
| 10/14/2021 | AR | Correspondence : Ltr to Court re settlement | 0.50 | $475.00 | $237.50 |
| 10/28/2021 | AR | Legal Drafting : Draft responses to discovery demands. | 2.50 | $475.00 | $1,187.50 |
| 11/01/2021 | AR | Correspondence : Ltr to Court re adjournment of settlement conference | 0.50 | $475.00 | $237.50 |
| 11/18/2021 | AR | Legal Drafting : Emails and Draft Stip to Amend Complaint | 1.00 | $475.00 | $475.00 |

Invoice # 337 - 01/26/2022

| 11/19/2021 | | Legal Drafting : Draft Mediation Statement | 1.25 | $475.00 | $593.75 |
|---|---|---|---|---|---|
| 12/01/2021 | AR | Legal Drafting : Draft Ps Request for Admissions | 0.75 | $475.00 | $356.25 |
| 12/14/2021 | AR | Deposition : Defendant Mohammed Salim Sheikh and Counsel did not attend Deposition via Zoom Video Conference. | 0.67 | $475.00 | $316.40 |
| 12/15/2021 | AR | Legal Drafting : Draft Mediation Statement | 1.25 | $475.00 | $593.75 |
| 12/18/2021 | | Legal Drafting : Motion to Compel | 1.25 | $475.00 | $593.75 |
| 12/20/2021 | AR | Deposition Prep: Prep Exhibits for Deposition | 2.00 | $475.00 | $950.00 |
| 12/20/2021 | AR | Deposition Prep: Deposition Prep for Sale Sheikha and subpoenaed witnesses | 2.00 | $475.00 | $950.00 |
| 12/22/2021 | AR | Deposition : Defendant Mohammed Salim Sheikh. | 3.00 | $475.00 | $1,425.00 |
| 12/22/2021 | AR | Deposition : Waited for Jibon to appear to subpeona deposition | 1.50 | $475.00 | $712.50 |
| 12/22/2021 | AR | Deposition : Waited for Kazi to appear to subpeona deposition | 1.50 | $475.00 | $712.50 |
| 01/03/2022 | AR | Deposition : Deposition - Saleha Sheikh did not attend Zoom Video Conference. | 0.83 | $475.00 | $394.25 |
| 01/03/2022 | AR | Deposition : Waited for Saleha Sheikh to appear to subpeona deposition | 1.50 | $475.00 | $712.50 |
| 01/07/2022 | AR | Deposition : Waited for Shah to appear to subpeona deposition | 1.50 | $475.00 | $712.50 |
| 01/13/2022 | AR | Legal Drafting : Drafted Motion to Compel with Exhibits. | 4.50 | $475.00 | $2,137.50 |
| 01/17/2022 | AR | Legal Filing: Edited final draft and organized exhibits and filed via ECF. | 1.50 | $475.00 | $712.50 |
| 08/03/2022 | AR | Preparation for Hearing/Court Appearance: Hearing on Motion | 1.80 | $475.00 | $855.00 |
| 09/08/2022 | AR | Deposition Prep: Deposition Prep for Sheikh | 2.00 | $475.00 | $950.00 |
| 09/12/2022 | AR | Deposition : Deposition of Sheikh | 7.00 | $475.00 | $3,325.00 |
| 09/29/2022 | AR | Legal Drafting : Draft 4 subpoenas for depositions | 0.75 | $475.00 | $356.25 |
| 10/24/2022 | AR | Court Conference: Conference with the Court and Prep and Travel | 8.00 | $475.00 | $3,800.00 |
| 10/25/2022 | AR | Legal Drafting : Draft Settlement Agreement and Confession of Judgment | 1.00 | $475.00 | $475.00 |
| 11/04/2022 | AR | Legal Drafting : Draft Cheeks Approval Motion | 1.00 | $475.00 | $475.00 |

| | |
|---|---|
| **Hours Subtotal** | 59.05 |
| **Services Subtotal** | **$28,046.90** |

Invoice # 337 - 01/26/2022

## Expenses

| Date | Attorney | Description | Quantity | Rate | Total |
|------|----------|-------------|----------|------|-------|
| 01/26/2022 | AR | Invoice #9223 Stenography and Transcription Services Deposition of Mohammed Salim Sheikh 12/14/2022 | 1.00 | $225.00 | $225.00 |
| 01/26/2022 | AR | Invoice #9270 Stenography and Transcription Services Deposition of Mohammed Salim Sheikh 12/22/21 | 1.00 | $861.25 | $861.25 |
| 01/26/2022 | AR | Invoice #9272 Stenography and Transcription Services Deposition of Saleha Sheikh 1/3/22 | 1.00 | $159.25 | $159.25 |
| 01/26/2022 | AR | Deposition of Mohammed Salim Sheikh Interpretation - Aisha Qasir 12/22/21 | 1.00 | $260.00 | $260.00 |
| 11/07/2022 | AR | Service fee | 1.00 | $330.00 | $330.00 |
| 11/07/2022 | AR | Filing Fee | 1.00 | $400.00 | $400.00 |

|  |  |
|---|---|
| Expenses Subtotal | $2,235.50 |
| Quantity Total | 59.05 |
| Subtotal | $30,282.40 |
| Total | $30,282.40 |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 337 | 01/26/2022 | $30,282.40 | $0.00 | $30,282.40 |

|  |  |
|---|---|
| Outstanding Balance | $30,282.40 |
| Total Amount Outstanding | $30,282.40 |

Please make all amounts payable to: Pervez & Rehman, P.C.

Payment is due upon receipt.